J-S29033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM PAUL SALTSMAN, | : | |
| | : | |
| Appellant | : | No. 1799 WDA 2014 |

Appeal from the Order Entered April 22, 2014,
in the Court of Common Pleas of Blair County,
Criminal Division, at No(s): CP-07-CR-0000191-1987

BEFORE:    PANELLA, MUNDY, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 16, 2015**

William Paul Saltsman (Appellant) appeals from the denial of the relief

requested in an "Application for Bail" and "Assertion for Immediate Bail

Hearing."  We affirm.

The lower court summarized the history of this case as follows.

> On April 10, 1987, [Appellant] entered a guilty plea to
> murder in the first degree, robbery, kidnapping, possession of an
> instrument of crime and carrying a firearm without a license for
> his actions in kidnapping, robbing and killing 22 year old Robert
> J. Garlick.
>
> On June 8, 1987 [Appellant] filed a petition to withdraw
> guilty plea.  A pre-sentence investigation and psychiatric
> evaluation [were] conducted.  On October 20, 1987, the court
> found that [Appellant] was competent to stand trial and could be
> held criminally responsible for the crimes charged.  On October
> 22, 1987[, the court] issued a lengthy opinion considering the
> merits of [Appellant's] petition to withdraw guilty plea in light of
> the results of the pre-sentence investigation and psychiatric
> examination.  [The court] denied the petition.

---

*Retired Senior Judge assigned to the Superior Court.

On October 29, 1987[, Appellant] was sentenced for his heinous crimes to a term of life imprisonment on the charge of murder in the first degree. He also received sentences of 10 to 20 years [of incarceration] each on the charges of robbery and kidnapping, concurrent to one another but consecutive to the life term and 2 ½ to 5 years [of incarceration] for each offense of possession of an instrument of crime and carrying a firearm without a license. The sentences for the latter two crimes were also to run concurrently to each other but consecutively to the 10 to 20 years on the robbery and kidnapping charges. The sentence of life imprisonment began on October 29, 1987. [Appellant] filed a post-sentence motion to withdraw his guilty plea which was also denied.

Lower Court Opinion, 4/22/2014, at 1-2 (unnecessary capitalization omitted).

Appellant appealed. On June 20, 1988, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on July 5, 1989. ***Commonwealth v. Saltsman***, 547 A.2d 440 (Pa. Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989). Thereafter, Appellant filed several unsuccessful PCRA petitions.

On April 14, 2014, Appellant filed two documents with the lower court: 1) an Application for Bail, and 2) an Assertion for Immediate Bail Hearing. The Application for Bail states the following, in its entirety:

I William P. Saltsman, at this time do not challenge the legality of Sentence.
18 4904 /s/ Wliliam Paul Saltsman

I do however after years of sedulous Pro Se work have concluded that I have satisfied my Sentence.
I also request/assert at this time my right to Bail under the U.S. and PA Constitution.

- 2 -

> I William P. Saltsman command an immediate hearing and/or evidentiary hearing if any dispute arises in regards to this application for Bail. Alternative Relief to hearing will be oral arguments as to Bail Application and Sentence of Record.

Application for Bail, 4/14/2014 (*verbatim*).

Appellant's Assertion for Immediate Bail Hearing states, in its entirety, "I William P. Saltsman, at this time under my Rights request immediate hearing for my Bail Application under my Constitutional Rights of the U.S. and PA Constitutions[.]" Assertion for Immediate Bail Hearing, 4/14/2014.

On April 22, 2014, the lower court denied both motions. Appellant filed a notice of appeal to this Court. The lower court ordered a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 4, 2014, Appellant filed his statement, which set forth 17 issues challenging both his guilty plea and sentence. The lower court then filed an opinion in support of its denial of bail to Appellant.

On appeal, Appellant sets forth four issues for our review.

1. Whether the lower court erred in denying Appellant's request for bail?

2. Whether Appellant has satisfied his sentence to 191-1987?

3. Whether Appellant was actually sentenced to a term of life imprisonment?

4. Whether the state of Pennsylvania under Purdons has the authority to charge, convict, commit, or sentence [Appellant]?

Appellant's Brief at 2.

In support of his claim that the court erred in failing to grant bail, Appellant cites to a portion of Pa.R.Crim.P. 520(B). Appellant's Brief at 7. Appellant argues that "he has satisfied his sentence and that this is not a capital case. He is therefore bailable." ***Id***.

Pennsylvania Rule of Criminal Procedure 520 governs the right to bail **before verdict**, and provides as follows.

> (A) Bail before verdict shall be set in all cases as permitted by law. Whenever bail is refused, the bail authority shall state in writing or on the record the reasons for that determination.
>
> (B) A defendant may be admitted to bail on any day and at any time.

Pa.R.Crim.P. 520. Thus, this rule applies only to requests for bail made prior to a verdict being rendered. Because in 1987 Appellant pled guilty to and was sentenced for, *inter alia*, first-degree murder, this rule does not provide Appellant an avenue for relief. Accordingly, the court did not err in denying Appellant's request for bail.[1]

We address Appellant's next three issues together. Appellant argues that he has satisfied his sentence because he believes that he was sentenced to a term of 12 ½ to 25 years' incarceration, which would have expired on February 24, 2015. Appellant's Brief at 7. Appellant also suggests that his 1987 guilty plea was entered into unknowingly and involuntarily because he

---

[1] Moreover, we observe that "[w]hen a defendant is found guilty of an offense which is punishable by death or life imprisonment, the defendant shall not be released on bail." Pa.R.Crim.P. 521(a).

did not know he was going to spend the rest of his life in prison with no chance for parole. *Id*. at 7-8. Appellant further contends his sentence is illegal because there is no "statutory authorization" for the term "life" imprisonment. *Id*. at 8. Appellant then goes on for several pages in his brief citing purported authority for this proposition. *Id*. at 8-11. Finally, Appellant contends that "Purdon's is not legal evidence of the official version of Pennsylvania Pamphlet Laws." *Id*. at 11.

These issues were not presented in Appellant's Application for Bail or Assertion for Immediate Bail Hearing. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Furthermore, "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288 (Pa. Super. 2004). Thus, Appellant has waived these issues.

Because Appellant has not presented this Court with any argument convincing us the lower court erred in denying his request for bail, we affirm the court's order.[2]

Order affirmed.

---

[2] To the extent Appellant is seeking relief available under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9545, his petition is facially untimely and no exceptions are pled.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>6/16/2015</u>